*Third District Court of Eastern Middlesex*

No. 1882

### INHABITANTS OF BELMONT

v.

### ANTONIO DI LUNA, ET AL

Argued: Sept. 23, 1970-Decided: March 31, 1971

*Present:* Parker, P.J., Cowdrey, J.

Case tried to *Connolly, J.* in the Third District Court of Eastern Middlesex No. 1882 of 1969.

**Cowdrey, J.** This case with two others comes before this Division on the voluntary report of the trial justice and is concerned with three contract actions brought by the Town of Belmont, under the provisions of G.L. c. 59, § 3A and c. 60, § 35.

With the exception of damages, the facts in each case are substantially the same.

Each defendant was the owner and occupant of a dwelling house in the Town of Belmont, and sometime in 1965 the Commonwealth of Massachusetts made a taking of their properties, under G.L. c. 79, for the widening of Route 2, a state highway.

Settlements under Chapter 79 were made in September of 1965 between the Commonwealth and the defendants and it is inferred that all liens for taxes, assessments or other charges, extinguished by the taking, were adjusted in the settlement.

The defendants continued to occupy their respective homes until late in the fall of 1966, more than 4 months after notice or settlement, this being the grace period provided by G.L. c. 79, §8B, wherein it is stated that the person in possession at the time of the taking is not required to vacate any portion of the property

used by him as a dwelling until 4 months after notice of the taking has been given to him. In that year the Town of Belmont assessed each defendant for real estate taxes for the year 1966, under the provisions of G.L. c. 59, § 3A. There was no evidence at the trial that the Commonwealth did not consent to this occupancy by the defendants of their homes and the trial court concluded that it was at least tacitly permitted.

The defendants having failed to pay the 1966 taxes, the town brought the present actions under the provisions of G.L. c. 60, § 35.

The relevant portions of G.L. c. 59, § 3A provides "Real estate owned by .... the Commonwealth — If used or occupied for other than public purposes shall be taxed to the lessee or lessees thereof .... or to the occupants or person in possession were the owners thereof in fee....".

The issue in this case is solely whether or not the occupancy by the defendants in 1966 of their respective homes after the 4 months grace period permitted under G.L. c. 79, § 8B, constituted a use of the premises for other than public purposes and therefore taxable under G.L. c. 59, § 3A.

We answer the question in the negative.

The leading case interpreting G.L. c. 59, § 3A, is *Atlantic Refining Company* v. *Assessors of Newton*, 342 Mass. 200, 204. In that case the court referred to the "purpose of the occupant

as the important, if not dominant, purpose to which the statute refers'', and concluded that a business conducted for profit on land owned by the Commonwealth, although a convenience to the public resulted therefrom, was taxable under the Statute.

In the cases at hand, the use of premises by defendants, being non-profit and for residential purposes only, was a ''reasonable incident to the [widening of Route 2] and of achieving its public purpose . . . . and must be regarded as for a valid public purpose and a legitimate part of the entire plan''. *Cabot* v. *Assessors of City of Boston*, 335 Mass. 53, 65.

We note that G.L., c. 59, § 3A, was enacted in 1928 at a time when extensive land takings for highways and urban renewal projects were not contemplated and we think the leigslature did not intend the statute to apply to the factual situation presented in this case.

To be sure, the defendants, during their occupancy, would receive the benefit of the usual municipal services, without payment therefor. However, as was said in *Atlantic* at page 207 — ''It is not unreasonable that the ultimate effect of Sec. 3A may be an allocation of revenues between the Commonwealth and the municipalities. New aspects of public purpose and new public activities call for new adjustments between the Commonwealth, the municipalities, and business conducted on publicly owned land''. The dominant aspect of public purpose

and activity controlling in this case is the residential occupancy by homeowners forced to relocate their homes. The mere fact that the grace period of this occupancy in this case is longer than that given to homeowners as a matter of right under section 8B of chapter 79 does not shift the burden under section 3A of chapter 59. The latter statutory provision stands on its own. We do not deem the residential occupancy under these circumstances for the period of time involved in this case to be for other than public purposes.

We conclude that the trial judge's finding for the defendants in each case was correct and his decision is affirmed.

**Report dismissed.**

RALPH H. WILLARD, JR.
  for Plaintiff.

VIOLA CRONIN
  for Defendant.